**ZENO B. BAUCUS**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**James F. Battin U.S. Courthouse**
**2601 Second Avenue North, Suite 3200**
**Billings, Montana 59101**
**Phone: (406) 657-6101**
**FAX: (406) 657-6989**
**Email:   zeno.baucus@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 18-11-BLG-SPW** |
| **Plaintiff,** | |
| **vs.** | **OFFER OF PROOF** |
| **JOSEPH WAYNE MENARD,** | |
| **Defendant.** | |

The defendant, Joseph Wayne Menard, has filed a motion to change his plea to guilty to Count I of the Indictment, charging him with conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846.   This offense of carries a mandatory minimum term of imprisonment of five years, a maximum term of 40 years, a $5,000,000 fine, at least four years of supervised release, and a $100 special assessment.

The defendant will also plead guilty to Count III of the Indictment, charging him with possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A).   This offense carries a mandatory minimum five years to life imprisonment, consecutive to any other sentence, a $250,000 fine, and five years supervised release.

The United States presented all formal plea offers to the defendant in writing. The plea agreement entered into by the parties and filed with the court represents, in the government's view, the final and the most favorable offer extended to the defendant.   *See Missouri v. Frye,* 566 U.S. 134, 145-46 (2012).

*Elements.*   In order to prove the case against the defendant at trial, the United States would have to prove the following elements beyond a reasonable doubt:

Conspiracy to Possess With Intent to Distribute Methamphetamine – Count I:

First, there was an agreement between two or more persons to distribute methamphetamine and

Second, the defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

The defendant also acknowledges that it was within the scope of the defendant's agreement with her co-conspirators, or was otherwise reasonably

foreseeable to the defendant, that the conspiracy would involve at least five grams of actual methamphetamine.

Possession of a Firearm in Furtherance of a Drug Trafficking Crime – Count III:

First, the defendant committed the elements of conspiracy to possess with intent to distribute methamphetamine, prosecutable in federal court;

Second, the defendant knowingly used, carried, or possessed a firearm; and

Third, the use or carrying of the firearm was during and in relation to, or the possession of the firearm was in furtherance of, the defendant's drug trafficking crime

*Proof.*   If called upon to prove this case at trial, and to provide a factual basis for the defendant's plea, the United States would present, by way of witnesses and documentary evidence, the following:

1. At roughly 10:40 a.m. on December 17, 2015, law enforcement was called to the Super 8 Motel in Columbus, Montana due to smoke alarm activity in one of the rooms.   Upon arrival, law enforcement made contact with the occupants of the room, the defendant and his co-defendant Knoblauch.   The two individuals provided consent for law enforcement to search their room after law enforcement became suspicious as to drug activity.

2.      During the search of their room, law enforcement discovered

methamphetamine, marijuana, pills, and a large amount of cash.   Also

discovered were papers that were consistent with drug ledgers.

Ultimately discovered on mobile telephones in the possession of the

defendant would be text messages indicating drug transactions and

pictures of the defendant with narcotics.

3.      The defendant and Knoblauch were interviewed.   They stated that

they were traveling to Las Vegas from Williston, ND and had stopped

in Columbus that morning to rest.   Knoblauch stated the drugs

discovered in the room belonged to her.   The defendant stated that

there was a pistol located in the rental car they were driving and that

the pistol belonged to him.   The defendant stated that he used the

pistol for protection.

4.      Law enforcement asked for and received consent to search their

vehicle.   During the search, law enforcement discovered a pistol in the

driver's side door panel.     A check of the serial number revealed that

the firearm was stolen.   Law enforcement also discovered what

appeared to be cocaine in a plastic baggy within an eyeglass case in the

center console.   Also discovered was apparent methamphetamine on the passenger seat floor.

5.    Knoblauch would claim possession of the drugs found in car and told law enforcement that she had forgot about it when asked.   The defendant said that he had purchased the firearm from a woman named "Peggy."

6.    On March 7, 2016, law enforcement interviewed the defendant and Knoblauch.   Knoblauch stated she had been involved in selling methamphetamine in the Bakken area.   The defendant stated that he met the defendant in September 2015.   He continued that he asked Knoblauch if she wanted to work for him and offered to protect her. The defendant stated that Knoblauch left with her and they have been partners ever since.   He stated that Knoblauch continued to get methamphetamine from the same sources and the defendant accompanied her as a bodyguard.

7.    On November 30, 2017, the suspected methamphetamine collected from the defendant and Knoblauch on December 17, 2015, was analyzed.   It was found to contain a total of approximately 17.4 grams of pure methamphetamine.

DATED this 10th day of July, 2018.

KURT G. ALME
United States Attorney

*/s/ Zeno B. Baucus*
ZENO B. BAUCUS
Assistant United States Attorney